*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FAEZ MONA and DEBORAH MONA,

      Plaintiffs-Appellees,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

      Defendant-Appellant,

and

MICHIGAN ASSIGNED CLAIMS PLAN,
MICHIGAN AUTO INSURANCE PLACEMENT
FACILITY, and PROGRESSIVE MARATHON
INSURANCE COMPANY,

      Defendants.

UNPUBLISHED
October 19, 2023

No. 364662
Wayne Circuit Court
LC No. 20-004273-NF

Before: MURRAY, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiffs had automobile insurance through Farm Bureau when they were involved in two automobile collisions. Plaintiffs sued Farm Bureau for breach of contract when Farm Bureau allegedly refused to pay the reasonable costs associated with the collisions. Days before the trial was set to commence, plaintiffs and Farm Bureau entered into a stipulated order that would conditionally dismiss plaintiffs' claims in favor of binding arbitration. The trial court enforced arbitration after the parties could not agree on an arbitrator or the number of arbitrators. We reverse and remand for proceedings consistent with this opinion.

The stipulated order that would dismiss the claims in favor of binding arbitration read in full as follows:

> THIS MATTER having come before the Court upon stipulation of the parties and the court being fully advised of the premises.

**IT IS HEREBY ORDERED** that Plaintiffs Faez Mona and Deborah Mona claims against Defendant Farm Bureau Insurance Company of Michigan are dismissed with prejudice pursuant to a binding arbitration agreement between the parties.

**IT IS FURTHER ORDERED** that the court is retaining jurisdiction only to enforce the terms of the arbitration agreement and/or arbitration award.

This is a final Order and does close the case.

There was no other attachment, clause, or agreement on how an arbitration would proceed. Counsel for plaintiffs and Farm Bureau then began emailing each other regarding the selection of arbitrators who would facilitate the arbitration.

Ultimately, there was no agreement on arbitrators and neither plaintiffs nor Farm Bureau submitted an arbitration agreement. Nevertheless, plaintiffs moved to enforce the stipulated order for arbitration, and plaintiffs asserted that the arbitration was to be conducted before a three-person panel in which plaintiffs would select one arbitrator, Farm Bureau would select another arbitrator, and a third arbitrator would be selected "neutrally." Farm Bureau opposed plaintiffs' motion to enforce the stipulated order for arbitration, and it argued that there was never a meeting of the minds even to use a three-person panel.

The trial court entered an order granting plaintiffs' motion, and the order stated in full:

This matter having come before the Court upon Plaintiffs' Motion to Reinstate Case for the Limited Purpose of Compelling Arbitration and Court Appointment of a Neutral Arbitrator, briefs having been filed, and the Court being otherwise fully advised of the premises:

**IT IS HEREBY ORDERED** that the arbitration shall occur within thirty (30) days from entry of this Order.

**IT IS FURTHER ORDERED** the Neutral Arbitrator shall be one of the following former judges: Daniel Ryan, Amy Hathaway, James Rashid or Mark Switalski.

**IT IS SO ORDERED.**

This is a final order and does resolve the last pending claim.

Farm Bureau now appeals this order.

The existence and enforceability of an arbitration agreement is a question of law that this Court reviews de novo. *Michelson v Voison*, 254 Mich App 691, 693-694; 658 NW2d 188 (2003). Additionally, a stipulated order is subject to the principles of contract interpretation, *Andrusz v Andrusz*, 320 Mich App 445, 453; 903 NW2d 636 (2017), and issues involved the interpretation of a contract are reviewed de novo, *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 507; 885 NW2d 861 (2016).

"Like contracts, stipulated orders are agreements reached by and between the parties." *Phillips v Jordan*, 241 Mich App 17, 21; 614 NW2d 183 (2000). "Our primary task is to ascertain the intent of the parties at the time they entered into the agreement, which we determine by examining the language of the agreement according to its plain and ordinary meaning." *Altobelli v Hartmann*, 499 Mich 284, 295; 884 NW2d 537 (2016). "[A] court may not rewrite clear and unambiguous language under the guise of interpretation," nor may a court "read words into the plain language of a contract." *In re Lett Estate*, 314 Mich App 587, 600; 887 NW2d 807 (2016) (cleaned up).

Even though the parties agreed to conditionally dismiss plaintiffs' claims in favor of arbitration, the parties did not submit an arbitration agreement regarding the details of any agreed-upon arbitration. The stipulated order stated that plaintiffs' claims would be dismissed "pursuant to a binding arbitration agreement between the parties." *Black's Law Dictionary* (11th ed) defines the phrase "pursuant to" as meaning "in compliance with," "in accordance with," or "as authorized by."

The plain reading of the stipulated order indicates that it was not an arbitration agreement, and that the dismissal of plaintiffs' claims would be contingent upon a binding arbitration agreement. The parties never agreed on an arbitration agreement apart from the bare agreement to arbitrate, and, thus, the trial court erred when it ordered the parties to select a "neutral" arbitrator because the trial court was not permitted to read that provision into the stipulated order. *In re Lett Estate*, 314 Mich App at 600.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle